UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TIMOTHY E. GREEN,

               Petitioner,

vs.                                         Case No. 3:20-cv-1067-BJD-LLL

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

               Respondents.

_____

## **ORDER**

### I. **STATUS**

Petitioner Timothy E. Green is proceeding pro se on a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) challenging his Duval County conviction for two counts of armed burglary with assault or battery (counts one and three) and one count of battery, a lesser included offense (count four). He filed a Memorandum of Law and Argument (Doc. 2) in support. Respondents filed an Answer to Petition for Writ of Habeas Corpus (Response) (Doc. 8) and an Appendix (Doc. 9). Petitioner filed a Reply (Doc. 13).[1]

_____

1 The Court references the exhibits contained in the Appendix (Doc. 9) as "Ex." and will refer to the page number on the exhibit. For the Petition, Response, and Reply, the Court references the docket and page numbers assigned by the electronic filing system.

## II.  HABEAS REVIEW

The role of this Court is limited when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254; "[u]nder AEDPA, a court cannot grant relief unless the state court's decision on the merits was 'contrary to, or involved an unreasonable application of,' Supreme Court precedent, or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" McKiver v. Sec'y, Fla. Dep't of Corr., 991 F.3d 1357, 1364 (11th Cir.) (citing 28 U.S.C. § 2254(d)(1)-(2)), cert. denied, 142 S. Ct. 441 (2021).  Therefore, habeas relief is limited to those occasions where the state court's determinations are unreasonable, that is, if no fairminded jurist could agree with them.  Id.

If there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgment, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (Wilson).

Also, a state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. §

2254(e)(1).  "The state court's factual determinations are presumed correct, absent clear and convincing evidence to the contrary."  Sealey v. Warden, Ga. Diagnostic Prison, 954 F.3d 1338, 1354 (11th Cir. 2020) (quoting 28 U.S.C. § 2254(e)(1)), cert. denied, 141 S. Ct. 2469 (2021).  This presumption of correctness, however, applies only to findings of fact, not mixed determinations of law and fact.  Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (acknowledging the distinction between a pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014).[2] Furthermore, the second prong of § 2254(d), requires this Court to "accord the state trial court [determination of the facts] substantial deference."  Dallas v. Warden, 964 F.3d 1285, 1302 (11th Cir. 2020) (quoting Brumfield v. Cain, 576 U.S. 305, 314 (2015)), cert. denied, 142 S. Ct. 124 (2021).  As such, a federal district court may not supersede a state court's determination simply because reasonable minds may disagree about the finding.  Id. (quotation and citation omitted).

---

2 The Court finds the reasoning of Brannan persuasive on this point.  See McNamara v. Gov't Emp. Ins. Co., 30 F.4th 1055, 1060-61 (11th Cir. 2022) (reiterating that unpublished opinions may be cited as persuasive authority but are not binding precedent.  See Rule 32.1, Fed. R. App. P.  The Court references other unpublished decisions in this opinion, recognizing that these decisions constitute persuasive authority, not binding precedent.

Of import, "[i]t is not the province of a federal habeas court to reexamine state-court determination on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67 (1991).   Indeed, a habeas petition grounded on issues of state law provides no basis for federal habeas relief as a violation of state statute or rule of procedure does not constitute a violation of the federal constitution. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1989) (per curiam).   As such, a federal writ is only available in cases amounting to federal constitutional error.   Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993).   This is so even if the claim is "couched" in terms of alleged constitutional violations, like due process.   Branan, 861 F.2d at 1508.

The two-part Strickland standard governs claims of ineffective assistance of counsel.[3]   Knight v. Fla. Dep't of Corr., 958 F.3d 1035, 1038 (11th Cir. 2020), cert. denied, 141 S. Ct. 2471 (2021).   See Freeman v. Comm'r, Ala. Dep't of Corr., 46 F.4th 1193, 1220 (11th Cir. 2022) ("In an ineffective assistance of counsel claim, § 22543(d)'s terms are judged by the standard set forth in Strickland v. Washington."), cert. denied, No. 22-6851, 2023 WL 3046178 (April 24, 2023).   Pursuant to this standard, a defendant must show: (1) his counsel's performance was deficient and (2) the deficient performance

---

3 Strickland v. Washington, 466 U.S. 668 (1984).

prejudiced his defense.   Strickland, 466 U.S. at 687.   A district court need not address both prongs if a petitioner makes an insufficient showing on one. Fifield v. Sec'y, Dep't of Corr., 849 F. App'x 829, 833 (11th Cir. 2021) (per curiam) (relying on Strickland), cert. denied, 142 S. Ct. 788 (2022).

To prevail, a petitioner must successfully show his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" as well as show "the deficient performance prejudiced the defendant, depriving him of a 'fair trial, a trial whose result is reliable.'"   Raheem v. GDCP Warden, 995 F.3d 895, 908 (11th Cir. 2021) (quoting Strickland, 466 U.S. at 687), cert. denied, 142 S. Ct. 1234 (2022).   Additionally, combining the deferential standard for judging the performance of counsel with the extra layer of deference that § 2254 provides, the resulting double deference "is doubly difficult for a petitioner to overcome[.]" Johnson v. Sec'y, DOC, 643 F.3d 907, 911 (2011).

To determine whether Petitioner is entitled to habeas relief, this Court must ask (1) whether the [state court] decisions were 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined' in Strickland, or (2) whether the . . . decisions were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'"   Whatley v. Warden, Ga. Diagnostic & Classification Ctr., 927

F.3d 1150, 1175 (11th Cir. 2019) (citations omitted), <u>cert. denied</u>, 141 S. Ct. 1299 (2021).   The AEDPA standard is quite difficult to meet as a state court's decision must be given deference and latitude.

## III.   GROUNDS

Petitioner raises seven grounds of ineffective assistance of trial counsel.[4] Petitioner claims his counsel was constitutionally ineffective for: (1) failure to impeach victim K.J. with prior inconsistent statements and call social worker Jacqueline Willis;[5] (2) for failure to object to the prosecutor's closing statement; (3) failure to advise victims on Prison Release Re-offender (PRR) options; (4) failure to file a motion to dismiss; (5) failure to request a category one necessarily lesser included offense instruction of simple burglary; (6) failure to object to circular burglary instructions; and (7) failure to request a jury instruction on the "invited in" theory of defense.[6]

---

[4] Retained counsel Alyscha Lauren Johnson and Amanda Edwards Rivera represented Petitioner.

[5] In the record, the two victims are referred to as K.J. or Kim Jones and Y.J. or Yolanda Jones.   Neither of the victims were minors.

[6] Petitioner refers to grounds five, six, and seven as grounds one, two, and three.   Petition at 12, 14, 15.   To avoid confusion, the Court will refer to these grounds as grounds five, six, and seven, just as Respondents have done in the Response.   The Court refers to the grounds presented on pages 5, 7, and 8 of the Petition as ground one, two, and three, as do Respondents.   <u>See</u> Response.

The Court concludes no evidentiary proceedings are required in this Court on these seven grounds.   The pertinent facts are fully developed in the record, or the record otherwise precludes habeas relief; therefore, the Court can adequately assess these seven claims without any further factual development.   Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

## IV.   DISCUSSION

### A.   Ground One

In his first ground, Petitioner claims his trial counsel was ineffective for failure to impeach victim K.J. with prior inconsistent statements and call social worker Jacqueline Willis.   Petition at 5.   Petitioner contends that prior to trial, victim K.J. made statements to a social worker which were inconsistent with K.J.'s trial testimony.   Id.   Petitioner raised the claim in Issue One (sub-claim B) of his Amended Motion for Postconviction Relief.[7]   Ex.

---

7 To the extent Petitioner expands ground one by adding two additional claims in his Reply, the Court finds Petitioner is not entitled to habeas relief.   See Reply at 4-15, 17-20. Petitioner raised these additional contentions in his Amended Rule 3.850 motion as Issue One (sub-claims A & C); therefore, he exhausted his state court remedies.   Ex. C1, Amended Motion for Post-conviction Relief.   The circuit court relied on Strickland in denying post-conviction relief and rejecting these claims.   Ex. C1, Order at 4-5, 6-7.   The First District Court of Appeal (1st DCA) affirmed.   Id. 1st DCA Opinion.   Out of an abundance of caution, the Court will address these additional claims although Petitioner did not plead these grounds in the Petition.   See Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992) (en banc) (district courts must resolve all claims for relief raised).   Petitioner has failed to establish that the state courts' rulings were contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.   Nor has

C1, Amended Motion for Post-conviction Relief.   The circuit court directed the state to respond to this contention.   <u>Id</u>., Order Directing the State to File a Response to Defendant's Motion for Post-conviction Relief.   The state responded.   <u>Id</u>., State's Response to Defendant's Amended Motion for Post-Conviction Relief.

The circuit court denied the post-conviction motion.   <u>Id</u>., Order Denying Defendant's Motion for Post-conviction Relief, and Amended Motion for Post-conviction Relief (Order).   Petitioner appealed.   <u>Id</u>., Notice of Appeal.   On October 8, 2019, the 1st DCA per curiam affirmed the decision of the trial court. <u>Id</u>., 1st DCA Opinion.   Petitioner moved for rehearing.   <u>Id</u>., Motion for Rehearing.   The 1st DCA denied rehearing.   <u>Id</u>., 1st DCA Order.   The mandate issued on January 13, 2020.   <u>Id</u>., 1st DCA Mandate.

As noted by Respondents, this ground is exhausted.   Response at 8. The circuit court denied the claim.   The court relied on the two-pronged standard set forth in <u>Strickland</u> in denying post-conviction relief.   Ex. C1, Order at 4.   Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1) as the state court applied the two-pronged <u>Strickland</u> standard in

_____

Petitioner demonstrated that the state courts' rulings were based on an unreasonable determination of the facts.   Thus, the Court will give deference to the 1st DCA's decision affirming the denial of post-conviction relief.   Petitioner is not entitled to habeas relief on the two additional contentions presented in the Reply (Issue One, sub-claims A & C).

addressing the motion for post-conviction relief.   The Court next considers whether the state court unreasonably applied that principle to the facts or premised its adjudication on the claim on an unreasonable determination of the facts.

The circuit court held:

> The Defendant also asserts he had a witness, Jacqueline Willis, who could have testified that Kim told her that her sister had forced her to make up the allegations against the Defendant.   Willis was known to the Defendant as [a] potential witness prior to trial, as he asserts in his motion that counsel knew about Willis but failed to subpoena her for trial.
>
> When the Court asked him at trial whether he had the chance to discuss what witnesses would be called on his behalf, he specifically told the court he was [in] agreement with counsel's decision on that matter. (Ex. E at 316).   Having sworn under oath that he was in agreement with the witnesses called at trial he cannot now complain.   He does not assert counsel misled, coerced or threatened him into accepting counsel's decision as to trial witnesses.   He cannot now claim counsel was ineffective for failing to call Willis.   See, e.g., McIndoo v. State, 98 So. 3d 640, 641 (Fla. 4th DCA 2012)[.]
>
> . . . .
>
> Further, he fails to demonstrate that there is a reasonable probability that if Willis had been called, and had testified Kim told her Jones coerced her into making up allegations against the Defendant, that

this would have overcome the other evidence, described above.

Ex. C1, Order at 5-6.   The 1st DCA summarily affirmed without discussion. <u>Id</u>., 1st DCA Opinion.

The record demonstrates the following.   After the conclusion of the evidentiary portion of the case, the court made an extensive inquiry concerning the defense witnesses.   Ex. B5 at 316.   Petitioner, under oath, stated he had been able to confer with counsel about which witnesses should and should not testify.   <u>Id</u>.   Petitioner said counsel listened to his input and gave him advice. <u>Id</u>.   Petitioner confirmed that he and his counsel agreed as to the witnesses that would be called.   <u>Id</u>.   Finally, Petitioner expressed his satisfaction with his counsels' representation.   <u>Id</u>

A defendant's solemn declarations in open court carry a strong presumption of verity.   <u>See</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977). Thus, later contentions by a defendant contrary to the record may be deemed wholly incredible based on the record.   Petitioner is attempting to go behind his sworn testimony.   Petitioner's representations in open court constitute "a formidable barrier" to his contention that his counsel performed deficiently for failure to call Jacqueline Willis to impeach the victim's testimony.

10

It is quite apparent based on the record that the witness Petitioner submits should have been called by counsel, Jacqueline Willis, was known to the defense.   Counsel told the court that she attempted to call Ms. Willis two weeks prior to trial but Ms. Willis did not return counsel's calls.   Ex. B2 at 211.   Clearly, Ms. Willis was known to the defense prior to trial.   As noted by the court, defense counsel "had the power of subpoena" and could have used it to require Ms. Willis presence.   Id. at 223.

On the record, Petitioner expressed his consent to counsel's strategy. Petitioner assured the court that he had discussed the matter with counsel and agreed with the strategy of putting the defense's selected witnesses, himself and Leroy Michael Green, Jr., on the stand.   See Ex. B4 at 235-75, Ex. B5 at 289-92.   Petitioner, after the close of the evidentiary portion of the case, assured the court that he was satisfied with his witnesses.

Not only did the state court find the claim meritless but it also found no reasonable probability that even if counsel had subpoenaed and called Ms. Willis and she had testified K.J. told her Yolanda Jones coerced her into making up allegations against the Defendant that it would have overcome the other evidence submitted at trial.   Petitioner has failed to show the state court's rejection of the claim of ineffective assistance of counsel raised in this claim is contrary to, or an unreasonable application of Strickland, nor has he

shown the decision is based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief on ground one.

## B.   Ground Two

Petitioner claims his trial counsel was ineffective for failure to object to the prosecutor's closing statement that Petitioner admitted he was uninvited. Petition at 7.   Petitioner raised the claim in Issue Two of his Amended Motion for Postconviction Relief.   Ex. C1, Amended Motion for Post-conviction Relief. The circuit court denied the motion for post-conviction relief.   Id., Order.   The 1st DCA affirmed.   Id., 1st DCA Opinion.

The claim is exhausted.   See Response at 9.   Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1) as the state court applied the two-pronged Strickland standard.   Next, the Court considers whether the state court unreasonably applied that principle to the facts or premised its adjudication on the claim on an unreasonable determination of the facts.

The record shows, during closing argument, the prosecutor argued:

> Yolando Jones will state that she at one point, the second time this defendant came, she actually heard him knocking with the gun.   This defendant admitted he didn't have any welcome there.   He'd never been permitted in.   If you're permitted in, ladies and gentlemen, you don't knock, you just come in.

Ex. B5 at 327.

The trial record demonstrates that Petitioner testified that when he first went to Ms. Jones' home, he knocked on the door, and Ms. Jones "greeted me in." Ex. B4 at 240. He attested that on his second visit to the home, he knocked on the door, but no one answered so he left. Id. at 241-42. He attested that on the third time he went to the home, he said he knocked on the door and "was welcomed in again[.]" Id. at 242-43. On cross-examination, Petitioner testified that he did not have a key to Yolanda Jones' residence, and admitted he didn't "have any sort of cart blanche permission to just walk right in that house[.]" Id. at 246.

The circuit court noted that Petitioner testified that he was both welcomed into the home and had been invited inside of the home. Ex. C1, Order at 7. Therefore, "counsel probably should have objected." Id. However, the court also concluded it was unlikely that a mistrial would have been granted. Id. Instead, the circuit court surmised that, at most, the trial court may have given a corrective instruction, asking the prosecutor to rephrase her summary. Id. Furthermore, the court noted that the trial court had already advised the jury not to take what the attorneys said in closing as evidence. Id. Finally, the circuit court was convinced that this sole remark did not cast into doubt the reliability of the outcome of the trial. Id.

In all fairness, the Court recognizes that Petitioner testified he did not have "cart blanche permission" to walk right in that house; therefore, read broadly, the prosecutor's comment could have been directed to that testimony. To the extent the prosecutor's closing argument was improper, it did not render the trial fundamentally unfair.   Indeed, it was an isolated comment by counsel during closing argument.   Moreover, the trial court instructed the jury that what the attorneys say in closing arguments is not evidence and should not be considered as evidence.   Ex. B5 at 321.   Finally, the trial court properly instructed the jury that the arguments were given to aid them in their deliberation, not as evidence for their consideration.   Id.

As for defense counsel's performance, she argued before the jury that K.J. called Petitioner on two occasions and asked him to pick her up, thereby addressing the matter of Petitioner being invited and welcomed into the home. Ex. B5 at 339.   Defense counsel reminded the jury that Yolanda Jones first testified that Petitioner barged into her home unwelcome and uninvited, but then on cross-examination Ms. Jones altered her story and said that Petitioner knocked on the door, Ms. Jones responded by opening the door, and she admitted she had no reason to exclude Petitioner from her home.   Id. at 339-40.   Thus, defense counsel effectively challenged Yolanda Jones' initial contention that Petitioner was unwelcome and uninvited.

14

In denying post-conviction relief, the circuit court properly applied the
<u>Strickland</u> standard.  The 1st DCA affirmed.  Therefore, Petitioner cannot
satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1).  Applying the look-
through presumption set forth in <u>Wilson</u>, the Court finds the state court's
ruling is based on a reasonable determination of the facts and a reasonable
application of the law.  Petitioner has not demonstrated that the state court
unreasonably applied <u>Strickland</u> or unreasonably determined the facts.
Thus, the 1st DCA's decision, although unexplained, is entitled to AEDPA
deference.

The Court finds the state court's adjudication of this claim is not contrary
to or an unreasonable application of <u>Strickland</u> or based on an unreasonable
determination of the facts.   As such, Petitioner is not entitled to habeas relief
on ground two.

### C.   Ground Three

Petitioner claims his trial counsel was ineffective for failure to advise
victims on Prison Release Re-offender (PRR) options.   Petition at 8.
Petitioner raised the claim in Issue Three of his Amended Motion for
Postconviction Relief and argued that counsel's failure to inform the victims
that they could write letters recommending the movant not be sentenced under
the PRR statute amounted to the ineffective assistance of counsel in violation

of the Sixth Amendment.   Ex. C1, Amended Motion for Post-conviction Relief. The circuit court denied the motion for post-conviction relief.   Id., Order.   The 1st DCA affirmed.   Id., 1st DCA Opinion.

Petitioner's Sixth Amendment claim is exhausted.   See Response at 10. Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1) as the state court applied the two-pronged Strickland standard.   The Court next takes under consideration whether the state court unreasonably applied that principle to the facts or premised its adjudication on the claim on an unreasonable determination of the facts.

The circuit court considered Petitioner's claim that counsel was ineffective for failure to advise victims on PRR options and rejected the claim. The court opined:

> The Defendant asserts counsel was ineffective for failing to advise Jones and Kim that they could request the State not seek prison releasee reoffender sanctions.   Section 775.082(9)(d)(1), Florida Statutes (2011), states:
>
>> (d) 1. It is the intent of the Legislature that offenders previously released from prison who meet the criteria in paragraph (a) be punished to the fullest extent of the law and as provided in this subsection, unless the state attorney determines that extenuating circumstances exist which preclude the just prosecution of the offender, including

16

whether the victim recommends that the offender not be sentenced as provided in this subsection.

The Defendant's claim [sic] that there is a reasonable probability that, had the victims been informed, they would have asked the State not to seek a PRR sentence and presumably, the State would have agreed. He also argues that a jury finding on the date of his previous incarceration is required by Apprendi.

As for the first argument, it is pure speculation both to assume that the victims would have objected to a life sentence and that the State Attorney would have accepted those objections and declined to seek PRR sentences. It has been directed by the legislature to seek punishment to the full extent of the law. The Defendant fails to name any extenuating circumstances beyond the unsupported claim the victims would probably have opposed PRR.

Ex. C1, Order at 7-8 (footnote omitted). The 1st DCA affirmed. Id., 1st DCA Opinion.

Of import, "[t]he statute's reference to 'victim recommends' is not a 'statutory exception' to PRR sentencing[.]" Murray v. Sec'y, Dep't of Corr., No. 8:16-cv-25-T-02TGW, 2019 WL 315020, at *11 (M.D. Fla. Jan. 24, 2019) (not reported in F. Supp.). Under this statute, the state attorney would have to find extenuating circumstances exist, agree to waive the designation, choose not to prosecute a defendant as a PRR, and explain in writing the deviation from the mandatory PRR sentencing scheme.

Here, the state filed a Notice of Intent to Classify Defendant as a Prison Release Re-Offender.   Ex. B1 at 18.   Thereafter, the state filed an amended notice on August 16, 2012, shortly before trial.   Ex. B2 at 36.   There is absolutely no indication in the record that the state would have reconsidered seeking a PRR sentence.   In fact, the record shows the state never wavered in its intention to seek PRR classification and punishment.   Indeed, the state announced on the record: "the State's not negotiating and the State's not withdrawing the PRR Notice."   Id. at 241.

As noted by the circuit court, it is pure speculation that the victims would have recommended that the offender not be sentenced as a PRR offender. Furthermore, based on the record, it is even more speculative that the state attorney would reconsider seeking a PRR sentence and determine the existence of extenuating circumstances precluding the just prosecution of the offender.

Apparently, the state court in denying post-conviction relief concluded there is no reasonable probability that the state attorney would have accepted any victim objection to the imposition of a PRR sentence, and to suggest otherwise is sheer speculation.   Here, there is no indication that the state would have done anything other than seek a PRR sentence as not only did

18

Petitioner qualify as a re-offender he was also charged with multiple offenses and possession of a firearm by a convicted felon.

Counsel's performance did not fall outside of the range of reasonably professional assistance.   Petitioner has not shown resulting prejudice as there is no reasonable probability that if defense counsel had acted as Petitioner suggests she should have, it would have altered the outcome of the proceeding. Here, the circuit court applied the two-pronged <u>Strickland</u> standard.   The state court was objectively reasonable in its <u>Strickland</u> inquiry and in concluding defense counsel's alleged failure to advise the victims on PRR options did not amount to ineffective assistance of counsel as it is a matter of pure speculation both to assume that the victims would have objected to a life sentence and that the state attorney would have accepted those objections and declined to seek PRR sentences.   Additionally, since it is left to the state to decide whether an extenuating circumstance exists, defense counsel is not deemed deficient for failure to affirmatively act in this regard.   <u>Murray</u>, 2019 WL 315020, at *11.

The 1st DCA's decision, although unexplained, is entitled to AEDPA deference.   Applying the look through presumption described in <u>Wilson</u>, the state's court's ruling is based on a reasonable determination of the facts and a reasonable application of the law.   In sum, the Court finds the state court's

19

adjudication of this claim is not contrary to or an unreasonable application of Strickland and its progeny or based on an unreasonable determination of the facts.

As the threshold standard of Strickland has not been met, Petitioner has failed to demonstrate that his state court proceeding was fundamentally unfair and his counsel ineffective.   Thus, Petitioner has failed to demonstrate a Sixth Amendment violation under the United States Constitution.   As such, Petitioner is not entitled to habeas relief on ground three.

### D.   Ground Four

Petitioner claims his trial counsel was ineffective for failure to file a motion to dismiss.   Petition at 10.   Petitioner contends that his counsel knew that there were no sworn statements from any material witness but failed to move to dismiss the case for lack of jurisdiction.   Id.   Petitioner raised a comparable claim in Issue Four of his Amended Motion for Postconviction Relief, asserting counsel should have challenged the trial court's jurisdiction as counsel was aware that the state had not produced any sworn testimony under oath from the material witnesses, the victims.   Ex. C1, Amended Motion for Post-conviction Relief.   Petitioner claimed his counsel was ineffective for her failure to file a motion to dismiss the information due to the lack of sworn testimony under oath from the victims.   Id.   The circuit court

20

denied the motion for post-conviction relief.  Id., Order.  The 1st DCA affirmed.  Id., 1st DCA Opinion.

The claim raised in ground four is exhausted.  See Response at 10-11. Notably, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1) as the state court applied the two-pronged Strickland standard. The Court next considers whether the state court unreasonably applied that principle to the facts or premised its adjudication on the claim on an unreasonable determination of the facts.

The record shows the following.   The Amended Information is sworn to and subscribed by an Assistant State Attorney, Terrence Martin.   Ex. B1 at 63.  Mr. Martin swore the allegations set forth in the amended information are based upon facts that have been sworn to as true, and which, if true, would constitute the offenses charged.  Id.  Mr. Martin further provided that the prosecution is instituted in good faith and "certifies that testimony under oath has been received from the material witness(es) for the offense."  Id.

Petitioner alleged the information was deficient because it was not supported by the sworn statements of the material witnesses, the two victims in the case, and argued that counsel should have moved to dismiss for lack of jurisdiction.   The circuit court succinctly summarized the claim: "[t]he Defendant asserts counsel was ineffective for failing to file a motion to dismiss

21

for lack of jurisdiction on the basis that the information was defective, purportedly because the Defendant never received a sworn statement from the victims supporting the information."   Ex. C1, Order at 8.

Petitioner's underlying reasoning for raising this particular contention against counsel is without merit.   "There is no requirement in the rule that the Information be supported by a sworn material witness statement."   Ruiz v. Sec'y, Dep't of Corr., No. 8:06-cv-2086-T-17TGW, 2008 WL 786327, at * 5 (M.D. Fla. Mar. 20, 2008) (not reported in F.Supp.2d).   Indeed, "[t]he sworn oath of the prosecutor that he or she received testimony under oath from the material witness or witnesses for the offense is sufficient under Florida law." San-Miguel v. Sec'y, Fla. Dep't of Corr., No. 3:16-cv-891-J-39PDB, 2018 WL 2183887, at *7 (M.D. Fla. May 11, 2018) (not reported in F. Supp.) (citations omitted).   Furthermore, just because a defendant is not provided with transcripts of sworn statements does not mean the statements did not occur. As noted by the circuit court in denying Petitioner's claim of ineffective assistance of counsel, the state is not required to produce the statements or reduce any interviews to written form and provide them to the defense.   Ex. C1, Order at 8-9.

The amended information states a crime; therefore, the trial court was not deprived of jurisdiction.   The assistant state attorney signing the

information does not have to personally administer the oath and question the material witnesses upon which the charges are based; the state attorney must simply receive and consider the sworn testimony.   State v. Perkins, 977 So. 2d 643, 646 (Fla. 5th DCA 2008).

Defense counsel cannot be deemed ineffective for failure to raise a meritless claim of lack of jurisdiction.   The state court's decision that, "there was no basis for filing a motion to dismiss or otherwise counsel was not ineffective for not filing one" is entitled to AEDPA deference.   Ex. C1, Order at 9.   The 1st DCA affirmed the circuit court's holding that counsel was not ineffective for failing to file a motion to dismiss.   Id., 1st DCA Opinion. Applying the look through presumption described in Wilson, the state's court's ruling is based on a reasonable determination of the facts and a reasonable application of the law.   Upon review, the state court's determination is consistent with federal precedent.   Thus, ground four of the Petition is due to be denied as the state court's adjudication of the claim is not contrary to or an unreasonable application of Strickland and clearly established Federal law or based on an unreasonable determination of the facts.   As such, Petitioner is not entitled to federal habeas relief on ground four.

## E.   Ground Five

Petitioner claims his trial counsel was ineffective for failure to request a category one necessarily lesser included offense instruction of simple burglary. Petition at 12.   He contends the jury was not given the option of finding simple burglary.   Id.   Upon review, Petitioner failed to exhaust this claim in the state court system.

The doctrine of procedural default requires the following:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman,[8] supra, at 747-748, 111 S. Ct. 2546; Sykes,[9] supra, at 84-85, 97 S. Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. ----, ----, 131 S. Ct. 1120, 1127-1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S.----, ----, 130 S. Ct. 612, 617-618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally

---

8  Coleman v. Thompson, 501 U.S. 722 (1991).

9  Wainwright v. Sykes, 433 U.S. 72 (1977).

> defaulted claims from being heard is not without
> exceptions. A prisoner may obtain federal review of a
> defaulted claim by showing cause for the default and
> prejudice from a violation of federal law. See Coleman,
> 501 U.S., at 750, 111 S. Ct. 2546.

Martinez v. Ryan, 566 U.S. 1, 9-10 (2012).

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state court remedies. Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose v. Lundy, 455 U.S. 509 (1982). A procedural default arises "when 'the petitioner fails to raise the [federal] claim in state court and it is clear from state law that any future attempts at exhaustion would be futile.'" Owen v. Sec'y, Dep't of Corr., 568 F.3d 894, 908 n.9 (11th Cir. 2009) (quoting Zeigler v. Crosby, 345 F.3d 1300, 1304 (11th Cir. 2003)), cert. denied, 558 U.S. 1151 (2010).

There are, however, allowable exceptions to the procedural default doctrine; "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Martinez, 566 U.S. at 10 (citing Coleman, 501 U.S. at 750). To demonstrate cause, a petitioner must show some objective factor external to the defense impeded his effort to properly raise the claim in state court. Wright v. Hopper, 169 F.3d 695, 703 (11th Cir.), cert. denied, 528 U.S. 934 (1999). If cause is established, a petitioner must demonstrate prejudice. To

demonstrate prejudice, a petitioner must show "there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred."   Owen, 568 F.3d at 908.

Alternatively, a petitioner may obtain review of a procedurally barred claim if he satisfies the actual innocence "gateway" established in Schlup v. Delo, 513 U.S. 298 (1995).   The gateway exception is meant to prevent a constitutional error at trial from causing a miscarriage of justice and conviction of the actually innocent.   Kuenzel v. Comm'r, Ala. Dep't of Corr., 690 F.3d 1311, 1314 (11th Cir. 2012) (per curiam) (quoting Schlup, 513 U.S. at 324), cert. denied, 569 U.S. 1004 (2013).

Petitioner admits this ground for relief is unexhausted.   Petition at 12. However, he states he was without counsel for his post-conviction proceeding. Id.   Conceding procedural default, he argues his procedural default should be excused based on the reasoning of Martinez because he did not have post-conviction counsel.   Id. at 13.   Apparently, Petitioner contends that the procedural default was caused by the lack of post-conviction counsel, the collateral proceeding was the first opportunity to raise the procedurally defaulted claim, and the procedurally defaulted claim has some merit.   See Martinez, 566 U.S. at 17.

Per <u>Martinez</u>, this Court must ask whether Petitioner has satisfied the standard for excusing a default.   Petitioner blames his failure to raise ground five in his Amended Rule 3.850 motion on the fact that he did not have state post-conviction counsel.   In relying on <u>Martinez</u>, Petitioner is contending ground five has some merit, that is, he can demonstrate the underlying ineffective assistance of counsel claim is substantial.

<u>Martinez</u> provides a narrow, equitable, non-constitutional exception to the holding in <u>Coleman</u>.   Thus, Petitioner must demonstrate the claim raised in ground five has some merit.   <u>Martinez</u>, 566 U.S. at 14.   Upon review, the underlying ineffectiveness claim raised in ground five lacks merit; therefore, Petitioner has not demonstrated that he can satisfy an exception to the procedural bar.

The Court finds Petitioner has shown neither cause nor prejudice for failure to properly present ground five in the state courts.   Therefore, ground five is unexhausted and procedurally defaulted.   As Petitioner failed to establish cause and prejudice or any factors warranting the application of the fundamental miscarriage of justice exception to overcome the default, the Court deems the claim of ineffective assistance of counsel raised in ground five procedurally defaulted, and Petitioner is procedurally barred from raising the

claim raised in ground five in this proceeding.   However, as Petitioner relies on <u>Martinez</u>, the Court will undergo a merits analysis of ground five.

The record shows, at the pre-charge conference, the charge of burglary was thoroughly discussed amongst counsel and the court.   Ex. B5 at 294. Defense counsel said she had no objection to the instruction.   <u>Id</u>.   After some discussion concerning counts 2 and 5, the court said:

> THE COURT:   I think we should so that is very clear that it's in reference to counts 2 and 5 because the way the burglary with – you know, with the battery or assault **is structured on the verdict form and the instructions is that at first find there was a burglary**, which I guess, is technically is a lesser included of burglary with an assault or battery so – or maybe not a lesser included, **but you've got to find the burglary first, okay.**

<u>Id</u>. at 295-96 (emphasis added).

During the pre-charge conference, the court inquired as to whether there were any requests for any lesser included offenses on the armed burglary counts, 1 and 3.   <u>Id</u>. at 302.   The state requested armed trespass and the defense responded trespass.   <u>Id</u>. at 302-303.   Thereafter, at the charge conference, Petitioner expressed his satisfaction with the instructions and the verdict form on the record.   <u>Id</u>. at 320.

In closing argument, the state briefly went over the jury instructions with the jury.   The prosecutor explained:

Counts 1 and 3 are armed burglary with assault or battery.  For lack of a better expression, they are sort of a building block type of offense.  It is actually made up of – it is one offense made up of other offenses, and you can sort of see that **part one is a burglary, and that is made up of entering a dwelling, the possession of Yolanda Jones.**  At the time of entering the dwelling the defendant had the intent to commit an assault or battery.  And then you go on to part two, was an assault or battery committed, and then part three, was the defendant armed?

. . . .

And then armed is also, as you would expect, the element is the state must prove that the defendant was armed while inside the dwelling.  And there you are . . . sort of simplified it, an armed burglary with assault or battery is just a burglary with an assault or battery, and this defendant had a gun.

Id. at 324-26 (emphasis added).

The court charged the jury:

As to Counts 1 and 3, **to prove the crime of burglary**, the state must prove the following two elements beyond a reasonable doubt:

1.    Timothy Emanuel Green entered a structure owned by or in the possession of Y.J.

2.    At the time of entering the structure, Timothy Emanuel Green had the intent to commit an offense inside that structure.

The intent with which an act is done is an operation of the mind and, therefore, is not always capable of direct and positive proof.  It may be

29

established by circumstantial evidence like any other fact in a case.

Even though unlawful entering or remaining in a structure is proved, **if the evidence does not establish that it was done with the intent to commit armed burglary with assault or battery, the defendant must be found not guilty of burglary.**

. . . .

**If you find Timothy Emanuel Green guilty of burglary**, you must also determine if the state has proved beyond a reasonable doubt whether in the course of committing the burglary Timothy Emanuel Green assaulted any person. An assault is an intentional and unlawful threat either by word or act to do violence to another at a time when the defendant appeared to have the ability to carry out the threat, and that created a well-founded fear in the other person that violence was about to take place.

**If you find Timothy Emanuel Green guilty of burglary**, you must also determine if the state has proved beyond a reasonable doubt whether in the course of committing the burglary Timothy Emanuel Green battered any person. A battery is an actual and intentional touching or striking of another person against that person's will or the intentional causing of bodily harm to another person.

**If you find Timothy Emanuel Green guilty of burglary**, you must also determine if the state has proved beyond a reasonable doubt whether in the course of committing the burglary Timothy Emanuel Green was armed or armed himself within the structure with a dangerous weapon.

30

. . . .

       **Anyway, if you find Timothy Emanuel Green guilty of burglary**, you must also determine if the state has proved beyond a reasonable doubt whether the structure entered or remained in was a dwelling.

. . . .

       **If you find that the defendant committed burglary** and you also find beyond a reasonable doubt that during the commission of the crime he actually possessed a firearm, you should find the defendant guilty of burglary with actual possession of a firearm.

Id. at 362-65 (emphasis added).   Finally, the court instructed the jury on the lesser-included crimes of trespass in a structure and armed trespass.   Id. at 366-69.

       The Verdict forms for Counts 1 and 3, the burglary counts, are structured such that the jury must first assess whether the Defendant is guilty of burglary, and then if convinced the defendant is guilty of burglary, the jury was required to determine whether the defendant actually possessed a firearm during the commission of the offense, whether the defendant committed an assault or battery upon Y.J. and/or K.J., and whether the structure was a dwelling.   Ex. B1 at 67, 70.   The jury was given the option of finding the defendant guilty of trespass, a lesser included offense, and was asked whether the defendant possessed a firearm during that offense.   Id. at 68, 71.

31

The court provided additional instructions concerning the verdict forms. The court said there were three main verdicts as to each burglary count: (1) burglary; (2) trespass; and (3) not guilty.   Ex. B5 at 382.   The court explained, if the jury found the defendant guilty of burglary, there were sub-verdicts to be considered.   Id. at 382-84.   Additionally, the court instructed that the jury would only reach the sub-verdicts, "if you find this defendant **guilty of burglary** in the main verdict form that you render."   Id. at 384 (emphasis added).   As to count three, the other burglary count, the court provided comparable instructions.   Id. at 386-88.

The record demonstrates that the court instructed the jury on simple burglary, the core offense, and then required the jury to make special findings regarding enhancements or other pertinent findings.   Thus, the jury had the option to find Petitioner not guilty of simple burglary.   Ex. B1 at 67-68, 70-71. Defense counsel did not perform deficiently because the court instructed the jury on simple burglary, the verdict form included simple burglary, and the jury had the option to convict Petitioner of just simple burglary.   Furthermore, Petitioner cannot demonstrate prejudice under Strickland.   The court instructed the jury on simple burglary and the jury found that Petitioner committed burglary of a dwelling and he actually possessed a firearm during the commission of the offense and committed assault or battery upon the

victims.   As such, the outcome at trial would not have changed if the court had first given the armed burglary instruction followed by a simple burglary instruction.

Counsel did not perform deficiently by failing to raise a meritless objection to the instructions or for failure to request a different instruction. See Hollis v. United States, 958 F.3d 1120, 1124 (11th Cir. 2020) (per curiam) (failure to raise meritless objection not constitutionally ineffective).   Here, the state court included the simple battery instruction and gave the jury the option to find simple burglary, meaning an objection or request by counsel to include a simple burglary instruction would neither be considered meritorious nor successful.

Petitioner's counsel did not perform deficiently, and it follows that Petitioner cannot satisfy the prejudice prong of Strickland.   Therefore, the underlying ineffectiveness claim is not substantial.   Petitioner is not entitled to habeas relief on ground five.

Based on the above, the Court finds ground five is unexhausted and procedurally defaulted.   Petitioner has failed to show cause and prejudice or that a fundamental miscarriage of justice will result if the Court does not reach the merits of ground five.   Upon review, Petitioner has not demonstrated that he meets the allowable exceptions to the procedural default doctrine.   Having

failed to establish cause for the procedural default of ground five, the Court finds it is procedurally barred and should not be addressed on its merits.   As such, ground five is denied as procedurally barred.

## F.   Ground Six

Petitioner claims his trial counsel was ineffective for failure to object to circular burglary instructions.   Petition at 14.   He contends the state court's instructions were "impermissibly circular" and it was clearly erroneous for the court to inform the jury that it could find Petitioner guilty if his intent was burglary.   Id.

Petitioner admits this ground for relief is unexhausted; however, he states he was without counsel for his post-conviction proceeding.   Id.   He argues this procedural default should be excused based on the reasoning of Martinez.   Petition at 15.   Petitioner contends ground six has some merit, that is, he can demonstrate the underlying ineffective assistance of counsel claim is substantial.

Initially, the Court finds Petitioner has shown neither cause nor prejudice for failure to properly present ground six in the state courts. Therefore, the claim is unexhausted and procedurally defaulted.   As Petitioner failed to establish cause and prejudice or any factors warranting the application of the fundamental miscarriage of justice exception to overcome the

default, the Court deems the claim of ineffective assistance of counsel raised in ground six procedurally defaulted, and Petitioner is procedurally barred from raising ground six in this proceeding.   As Petitioner relies on <u>Martinez</u>, the Court will undergo a merits analysis of ground six.

Respondents argue that even if some confusion may have resulted from the initial instruction on burglary, the court cured any problem in the trailing instructions.   Response at 44.   As such, Respondents contend Petitioner is not entitled to relief on ground six.   <u>Id</u>. at 45-46.

The record shows that the court initially instructed the jury as follows: (1) Petitioner entered a structure owned by or in the possession of Y.J., (2) at the time of entering the structure, Petitioner "had the intent to commit **an offense** inside that structure."   Ex. B5 at 362 (emphasis added).   However, immediately thereafter, the court clarified its instruction for armed burglary and stated the offense at issue was done with the intent to commit "assault or battery."   <u>Id</u>. at 363.

Of note, in the introductory instructions the court instructed the jury that the crimes include armed burglary with an assault or battery.   Ex. B4 at 101.   The prosecutor argued in closing argument that counts 1 and 3 "are armed burglary with assault or battery."   <u>Id</u>. at 324.   He explained, "an armed burglary with assault or battery is just a burglary with an assault or

battery, and this defendant had a gun." Id. at 325-26. In closing argument, defense counsel argued that Petitioner did not batter K.J. or threaten either victim. Id. at 349-50.

The Court concludes the underlying ineffectiveness claim is not substantial. If there was a weakness in the court's initial instruction on burglary, it was remedied. Petitioner's counsel's performance was not deficient for failing to object to the court's instruction as any deficiency was cured by the remaining instructions so there was no call for an objection based on the entirety of the instructions.

Given the circumstances, defense counsels' performance was not deficient. Petitioner has failed to demonstrate that trial counsel performed deficiently in failing to object to the burglary instructions. As there was no deficient performance, Petitioner cannot satisfy the prejudice prong of Strickland, requiring a defendant satisfy both prongs, showing deficient performance and the deficient performance prejudiced his defense. Therefore, the underlying ineffectiveness claim is not substantial.

The Court concludes Petitioner's unexhausted claim of ineffective assistance of counsel is not substantial, and Petitioner has failed to show he falls within the narrow parameters of the ruling in Martinez. As the

underlying claim lacks merit, Petitioner does not meet the narrow exception set forth in <u>Martinez</u> and his default is not excused.

Therefore, the Court finds ground six is unexhausted and procedurally defaulted. Petitioner has failed to show cause and prejudice or that a fundamental miscarriage of justice will result if the Court does not reach the merits of ground six. Furthermore, Petitioner has not demonstrated that he meets the allowable exceptions to the procedural default doctrine. Having failed to establish cause for the procedural default of ground six, the Court finds it is procedurally barred and should not be addressed on its merits in this federal post-conviction proceeding. Thus, ground six is denied as procedurally barred.

### G.  Ground Seven

Petitioner claims his trial counsel was ineffective for failure to request a jury instruction on the "invited in" theory of defense. Petition at 15. Petitioner contends both he and his brother testified Petitioner was invited into the dwelling and counsel performed deficiently in failing to request an instruction on the "invited in" theory of defense. <u>Id</u>.

Petitioner admits he failed to exhaust this ground. <u>Id</u>. at 16. However, he states he was without counsel for his post-conviction proceeding and argues this procedural default should be excused based on the reasoning of <u>Martinez</u>.

37

Per <u>Martinez</u>, this Court must ask whether Petitioner has satisfied the standard for excusing a default of ground seven.

The Court finds Petitioner has shown neither cause nor prejudice for failure to properly present ground seven in the state courts.   Therefore, the claim is unexhausted and procedurally defaulted.   As Petitioner failed to establish cause and prejudice or any factors warranting the application of the fundamental miscarriage of justice exception to overcome the default, the Court deems the claim of ineffective assistance of counsel raised in ground seven procedurally defaulted, and Petitioner is procedurally barred from raising ground seven in this proceeding.   But, since Petitioner relies on <u>Martinez</u>, the Court will undergo a merits analysis of ground seven.

The Court considers the state court's instructions as a whole.   The record shows the trial court instructed:

> **As to counts 1 and 3,**[10] to prove the lesser-included crime of trespass in a structure, the state must prove the following three elements beyond a reasonable doubt:
>
> 1.     Timothy Emanuel Green willfully entered or remained in a structure.
>
> 2.     The structure was in the lawful possession of Y.J.

---

10 Counts 1 and 3 are the burglary counts.   Ex. B1 at 62-63.

>   3.   Timothy Emanuel Green's entering or remaining in the structure was without authorization, license, **or invitation by Y.J. or any other person authorized to give that permission.**
>
>   Authority to enter or remain in a structure need not be given in express word.   It may be implied from the circumstances.   **It is lawful to enter or remain in a structure of another if under all of the circumstances a reasonable person would believe that he had the permission of the owner or occupant.**
>
>   "Willfully" means intentionally, knowingly, and purposely.

Ex. B5 at 367 (emphasis added).

The court's instructions, viewed as a whole, fairly stated the issues and law and were adequate.   United States v. Russell, 717 F.2d 518, 521 (11th Cir. 1983) (the reviewing court "need only ascertain whether the charge, when viewed as a whole, fairly and correctly states the issues and law").   These instructions were sufficient as they included the instruction as to invitation or permission of the owner or occupant as to counts 1 and 3, the burglary counts, as well as other relevant instructions.   Of import, the court instructed the jury as to the presumption of innocence, the burden of proof, the reliability of evidence, weighing the evidence, and the credibility of witnesses.   Ex. B5 at 374-77.   The court also instructed the jury that it could believe or disbelieve all or any part of the evidence presented or the testimony of any witness.   Id.

at 377.   There is a presumption that jurors follow all instructions. Richardson v. Marsh, 481 U.S. 200, 211 (1987).

Petitioner and his brother testified Petitioner was invited into the apartment.   Petitioner testified he did not have a gun or holster and he did not touch K.J. and was not involved in a conflict with the victims in the apartment.   Nevertheless, it was the jury's prerogative to reject the defense presented and believe the strong testimony of the victims.

On the record and under oath, Petitioner expressed his satisfaction with the jury instructions and the verdict form.   Ex. B5 at 319-20.   A defendant's solemn declarations in open court carry a strong presumption of verity, see Blackledge, 431 U.S. at 74), and later contentions by a defendant contrary to the record may be deemed wholly incredible based on the record.   Petitioner now attempts to go behind his sworn testimony.   The representation of Petitioner under oath constitutes a formidable barrier to his current contention that these instructions, which included an instruction on "invitation" as an element to trespass, a lesser-included offense of burglary, was not to his satisfaction or should otherwise have been fashioned.

The court's charge, viewed as a whole, stated the issues and law and was adequate.   Petitioner expressed his consent to the instructions and verdict

form.   He assured the court that he had conferred with counsel and expressed satisfaction with the instructions and his counsels' representation.   Id. at 320.

Petitioner has failed to demonstrate that he received constitutionally ineffective assistance of trial counsel with regard to the jury instructions given in the case.   Furthermore, he has not established prejudice.   He has failed to show that it was reasonably likely that but for counsels' alleged deficient performance, the result of the proceeding would have been different.   As such, the Court concludes the unexhausted claim of ineffective assistance of counsel is not substantial, and Petitioner has failed to show he falls within the narrow parameters of the ruling in Martinez.

After review and consideration, the Court finds the underlying ineffectiveness claim raised in ground seven lacks merit; therefore, Petitioner has not demonstrated that he can satisfy an exception to the procedural bar. As Petitioner has failed to meet the narrow exception set forth in Martinez, his default is not excused.   As such, the Court finds ground seven is unexhausted and procedurally defaulted.   Petitioner has failed to show cause and prejudice or that a fundamental miscarriage of justice will result if the Court does not reach the merits of ground seven.   The Court further finds Petitioner has not demonstrated that he meets the allowable exceptions to the procedural default doctrine.   Having failed to establish cause for the procedural default of ground

seven, the Court finds it is procedurally barred and should not be addressed on its merits in this federal post-conviction proceeding.   Thus, ground seven is denied as procedurally barred.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.      The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.      This action is **DISMISSED WITH PREJUDICE**.

3.      The **Clerk** shall enter judgment accordingly and close this case.

4.      If Petitioner appeals the denial of his Petition (Doc. 1), **the Court denies a certificate of appealability**.[11]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

---

[11]  This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of June, 2023.


BRIAN J. DAVIS
United States District Judge




sa 6/9
c:
Timothy E. Green
Counsel of Record

43